# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ROBERT GRADO, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) Civil No. 11-00761-CV-W-FJG-P |
| | ) Crim. No. 09-00292-02-CR-W-FJG |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Currently pending before the Court is movant's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Doc. #1).

### I. BACKGROUND

On September 16, 2009, an indictment was returned charging Grado with: (1) conspiracy to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and 846; (2) possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); (3) carrying a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) and (4) criminal forfeiture, under 21 U.S.C. § 853(a)(1) and (2). On May 3, 2010, Grado entered into a plea agreement with the Government and on the same day, he pled guilty to the charges of conspiracy to distribute marijuana and carrying a firearm in relation to a drug offense. The plea agreement outlined that Grado would be forfeiting the right to a jury trial, the right to appeal or to collaterally attack his sentence on any ground, other than a sentence imposed in excess of the statutory maximum or an illegal sentence. The Court

specifically asked Grado whether his attorney had explained the Plea Agreement to him, whether he had reviewed the Plea Agreement and whether he had any questions about the waiver of his constitutional rights or his appellate rights, to which Grado responded that he had no questions. Grado's only clarification to the facts in the plea agreement was that the firearm he was carrying was not loaded. The presentence investigation report initially recommended a total offense level of 29, which would have resulted in a punishment range of 97 to 121 months, before the application of the five year consecutive sentence for the gun charge. However, the Government abided by its promise in the plea agreement, which contemplated an offense level of 10. On September 2, 2010, Grado was sentenced to consecutive terms of four months' imprisonment on the conspiracy charge and 60 months' imprisonment on the firearm charge. Grado did not file a direct appeal. On July 29, 2011, Grado filed the instant motion seeking to vacate his conviction on the firearm charge. The Government does not dispute that the motion was timely filed.

## II. STANDARD

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The district court must hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. "Accordingly, a claim may be dismissed without an evidentiary

2

hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing Larson v. United States, 905 F.2d 218, 220-21 (8th Cir. 1990), cert. denied, 507 U.S. 919, 113 S.Ct. 1278, 122 L.Ed.2d 672 (1993)).

### III. DISCUSSION

#### A. Movant's Claim

Grado argues that the Court erred by charging him with carrying a firearm in relation to his drug trafficking offense. He states that the evidence is insufficient to support his conviction for carrying a firearm in relation to a drug trafficking offense. The Government argues that through the plea agreement, Grado waived his right to challenge his conviction or sentence. Additionally, the Government states that in any event, Grado cannot raise a sufficiency of the evidence claim in a § 2255 proceeding. In reply, Grado argues that his counsel did not challenge the insufficiency of the evidence and that this establishes a constitutional violation. He also argues that the consecutive sentence is illegal because enforcing the waiver would result in manifest injustice.

#### B. Is the Motion Barred by Waiver Contained in the Plea Agreement?

The Government argues that Grado's motion should be summarily dismissed because it is barred by the terms of the plea agreement. The Plea Agreement states in part:

> The defendant acknowledges, understands and agrees that by pleading guilty pursuant to this plea agreement he waives his right to appeal or collaterally attack a finding of guilt following the acceptance of his plea agreement, except on grounds of (1) ineffective assistance of counsel; or

3

(2) prosecutorial misconduct.

(Plea Agreement, ¶ 15a).

> The defendant expressly waives his right to appeal his sentence, directly or collaterally, on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence. An "illegal sentence" includes a sentence imposed in excess of the statutory maximum, but does *not* include less serious sentencing errors, such as misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence.

(Plea Agreement, ¶ 15b). Additionally, just before Grado's signature, is the following paragraph:

> I have consulted with my attorney and fully understand all of my rights with respect to the offense charged in the Indictment. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this plea agreement and I voluntarily agree to it.

The Government states that a waiver will be enforced when the issue the defendant seeks to raise falls within the scope of the waiver and the defendant knowingly and voluntarily entered into the plea agreement and the waiver. In this case, the Government argues that Grado was specifically asked about the plea agreement and the waiver and stated that he had read and reviewed them and had no questions.

In <u>DeRoo v. United States</u>, 223 F.3d 919 (8th Cir. 2000), the Court stated:

> There is no question in this circuit that a knowing and voluntary waiver of direct-appeal rights is generally enforceable. . . . As a general rule, we see no reason to distinguish the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in the plea agreement context . . .However, such waivers are not absolute. For example, defendants cannot waiver their right to appeal an illegal sentence or a sentence imposed in violation of the terms of an agreement. . . . In addition, the decision to be bound by the provisions of the plea agreement, including the waiver provisions, must be knowing and voluntary.

4

Id. at 923 (internal citations omitted).  The Court also stated that, "[a] defendant's plea agreement waiver of the right to seek section 2255 post-conviction relief does not waive defendant's right to argue, pursuant to that section, that the decision to enter into the plea was not knowing and voluntary because it was the result of ineffective assistance of counsel."  Id. at 924.  See also United States v. Brady, No. 4:05-cr-023, 2006 WL 3498558 (D.N.D. Dec. 1, 2006).

In United States v. Masters, 317 Fed. Appx. 750, 753 (10th Cir.), cert denied, 129 S.Ct. 2447, 174 L.Ed.2d 238 (2009), the Court stated that in determining whether a petitioner knowingly and voluntarily waived his rights, two factors are examined: 1) the language of the plea agreement and 2) whether an adequate Fed.R.Crim.P. 11 colloquy took place.  The Plea Agreement signed by Grado states in part:

> The defendant acknowledges that he has entered into this plea agreement freely and voluntarily after receiving the effective assistance, advice and approval of counsel.  The defendant acknowledges that he is satisfied with the assistance of counsel, and that counsel has fully advised him of his rights and obligations in connection with this plea agreement. The defendant further acknowledges that no threats or promises, other than the promises contained in this plea agreement, have been made by the United States, the Court, his attorneys or any other party to induce him to enter his plea of guilty.

(Grado's Plea Agreement ¶ 21, p. 12).

Also, during the Change of Plea hearing, the Court asked Grado if he was under the influence of drugs, alcohol or other medication, whether he suffered from any mental disease or defect and whether he was satisfied with the representation of his attorney. The Court also asked counsel if he had shared with Grado the discovery that the Government had provided.  Counsel responded that he had and that they had also discussed the relative merits of pleading guilty versus going to trial.  The Court also

asked Mr. Grado whether he had read, signed and discussed the plea agreement with his counsel.  The Court also asked Grado if he had any remaining questions about the terms or the provisions of the Plea Agreement and whether he felt like he had sufficient time to review and discuss the agreement.  The Court also inquired whether Grado had been forced or threatened into signing the agreement.  Finally, the Court inquired whether the factual basis for the plea accurately reflected Grado's involvement, to which he responded that it did, with a clarification that the gun was not loaded. Grado also indicated that he had read ¶¶ 14-15 that discussed the waiver of his constitutional and appellate rights and indicated that he did not have any questions regarding these waivers.   Therefore, based on a review of the Plea Agreement and the transcript of the Plea Hearing, the Court finds that Grado knowingly and voluntarily waived his constitutional and appellate rights.

### C. Insufficiency of the Evidence

Even if the Court were to find that Grado had not waived his rights to collaterally attack his sentence, the only issue which Grado raises is an insufficiency of the evidence argument.  However, as the Court stated in Pulliam v. United States, No. 10-3449-CV-S-ODS, 2011 WL 6339840 (W.D.Mo. Dec. 16, 2011), "[s]ufficiency of the evidence must be challenged on direct appeal and cannot be challenged in a postconviction proceeding."  Id. at *4 citing United States v. Norton, 539 F.2d 1194, 1195 (8th Cir.1976); Houser v. United States, 508 F.2d 509, 515-16 (8th Cir.1974).  Thus, this is another reason why Grado's § 2255 claim fails.

### D.  Ineffective Assistance of Counsel

6

Grado argues in his reply suggestions that his attorney did not challenge the insufficiency of the evidence and thus he received ineffective assistance of counsel. Under certain circumstances, petitioners may raise ineffective assistance of counsel claims, even though they have waived their rights in a plea agreement. In United States v. Masters, the Court stated:

> Further, even a knowing and voluntary waiver of a right that falls within the scope of the plea agreement waiver is subject to certain exceptions, the existence of which would render enforcement a miscarriage of justice. These exceptions are found:
>
>> [1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful.
>
> . . . A waiver is otherwise unlawful if subject to an error that seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.

Id. 317 Fed.Appx. at 754 (internal citations and quotations omitted).

Grado however, is not arguing that his counsel was ineffective in connection with the negotiation of his waiver. Rather, he is arguing that his counsel was ineffective for failing to raise the insufficiency of the evidence argument. The Court does not find that Grado's claim fits within the exception, and thus finds that his ineffective assistance of counsel claim is barred by the plea agreement.

No evidentiary hearing will be held in this matter because the issues raised are resolvable by the record. Furthermore, movant will be denied a motion for certificate of appealability. Under 28 U.S.C. § 2253(c)(2), "[a] certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right." The Court finds that the issues raised by movant do not meet

7

this criteria.

## IV.  CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Grado's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Doc. #1).


Date: May 30, 2012                           **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                  Fernando J. Gaitan, Jr.
                                                                     Chief United States District Judge